Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4307 | **DATE** | 9/24/2012 |
| **CASE TITLE** | Glamour Girlz, LLC, et al. vs. D.M. Merchandising, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [23] is granted with respect to plaintiffs' federal claims. All other claims are remanded to state court. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

    Plaintiffs Glamour Girlz, LLC, Glamour Kidz Boulevard, and Frannie Karlin (d/b/a/ Glamour Girlz) (collectively "Glamour Girlz") operate a storefront in the Northbrook Court Shopping Center. Glamour Girlz's lawsuit against D.M. Merchandising, Inc. ("D.M.") and the individual defendants arises out of a business transaction in which D.M. agreed to provide merchandise on credit to plaintiffs for sale at their store. Plaintiffs fell behind on paying the outstanding balance owed to defendants, and the relationship went sour when defendants attempted to get plaintiffs to settle the account. Plaintiffs filed a twelve-count complaint alleging various state law claims and a lone federal claim for violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendants removed the case to federal court. Following removal, plaintiffs amended their complaint, adding three federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. Defendants now move to dismiss the entire complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. I grant the motion with respect to plaintiffs' federal claims and remand all remaining claims to state court.

    To survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). I must assume that all the allegations contained in the complaint are true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and I must give the plaintiff the benefit of all reasonable inferences. *McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

    According to defendants, plaintiffs cannot sustain a claim under the FDCPA because the debt at issue is a business debt. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5)

| STATEMENT |
|---|

(emphasis added). Plaintiffs argue that the FDCPA applies to the debt and to collection efforts by defendant Donald Pearlman and D.M. because the defendants converted the debt from a commercial debt to a personal debt by accepting payment from a personal account. Plaintiffs, however, do not dispute that the debt, at its inception, was a business debt. Indeed, the complaint alleges that they incurred the debt through a business transaction. (Compl., at ¶¶ 21-23.) Nor do plaintiffs cite any authority to support their conversion theory. Because the appropriate inquiry focuses on the transaction giving rise to the obligation arose, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark L.L.C.*, 214 F.3d 872, 874-75 (7th Cir. 2000), and plaintiffs have alleged that the transaction was related to their business, they cannot state a claim under the FDCPA. Count VI is therefore dismissed.

Counts X through XII allege violations of RICO. Count X alleges that defendants violated § 1962(c), which states, "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Plaintiffs bring count XI against defendants Marks and Pearlman under § 1962(b), which makes it unlawful "for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). Finally, in count XII, plaintiffs allege all of the defendants violated § 1962(d), which prohibits any person from conspiring to violate § 1962, subsections (a) through (c). 18 U.S.C. § 1962(c).

To state a claim under any of these sub-sections of the RICO statute, plaintiffs must allege predicate acts that constitute "racketeering activity." "Racketeering activity" is defined as "any act which is indictable under . . . title 18, United States Code . . . section 1951 (relating to interference with commerce, robbery, or extortion)," among other crimes. 18 U.S.C. § 1961(1)(B). To that end, plaintiffs' complaint alleges that defendants committed the crime of extortion under 18 U.S.C. § 1951 ("the Hobbs Act"). Extortion under the Hobbs Act is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear. . . ." 18 U.S.C. 1951(b)(2). The problem for plaintiffs is that while they recite the elements of the crime of extortion and a RICO violation they have not alleged facts that, if proven, would constitute the predicate act of extortion. The Seventh Circuit has noted that the determination of whether a defendant has engaged in extortion under the Hobbs Act is different depending on whether that defendant has a claim of right to the property obtained from a plaintiff or victim. *Rennell v. Rowe*, 635 F.3d 1008, 1012 (7th Cir. 2011).

> If a defendant has no claim of right to property, the use of fear to obtain that property—including the fear of economic loss—may . . . amount to extortion. In contrast, where the defendant has a claim of right to property and exerts economic pressure to obtain that property, that conduct is not extortion and no violation of the Hobbs Act has occurred.

*Id.* Though the use of physical violence or the threat of such violence will generally constitute extortion whether or not there is a claim of right to the property, where the defendant has a right to the property, "unpleasant hard dealing" will not lead to extortion liability under the Hobbs Act. *Id.* at 1012, 1014. This distinction renders *United States v. Crockett*, 979 F.2d 1204 (7th Cir. 1992), on which plaintiffs rely, inapposite. In *Crockett*, the defendant had no claim of right to the money he obtained from his victims. Plaintiffs concede that they owed the outstanding balance to defendants. They do not allege, nor do they argue in response to defendants' motion, that Pearlman threatened them with violence in order to obtain payment. The facts alleged in the complaint amount to nothing more than economic pressure, and, even though unpleasant, do not rise to the level of extortion. Because plaintiffs have not sufficiently pleaded the necessary predicate acts, they cannot maintain their claims under RICO. As such, counts X through XII are also dismissed.

Because I find that plaintiffs have not stated a claim under the FDCPA or RICO, these claims are dismissed. All other claims in the complaint are state law claims, and my jurisdiction over them is premised

| STATEMENT |
|---|
| on supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs request that I remand all the state claims to sate court. "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotations marks and citation omitted). Because I am dismissing all of plaintiffs' federal claims prior to trial, I relinquish jurisdiction over the state law claims. Those claims are remanded to state court.<br>  For the foregoing reasons, defendants' motion is granted with respect to plaintiffs' federal FDCPA and RICO claims. All other claims are remanded to state court. |